No. 13585

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

DOYLE SOVEY,

Plaintiff and Appellant,

-vs-

CHOUTEAU COUNTY DISTRICT HOSPITAL et al.,

Defendants and Respondents.

---

Appeal from: District Court of the Eighth Judicial District,
Honorable R. J. Nelson, Judge presiding.

Counsel of Record:

For Appellant:

Morrison, Ettien and Barron, Havre, Montana
Robert D. Morrison argued, Great Falls, Montana

For Respondent:

Douglas C. Allen, Great Falls, Montana
J. Morris Ormseth argued, Great Falls, Montana
Joseph Marra argued, Great Falls, Montana

---

Submitted: June 1, 1977

Decided: AUG 1 5 1977

Filed: AUG 1 5 1977

_____
                              Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Plaintiff Doyle Sovey appeals from an order of the district court, Chouteau County, dismissing plaintiff's amended complaint.

Plaintiff filed his original complaint on December 3, 1975, alleging he was employed by defendants as administrator of Chouteau County Hospital, and that defendants wrongfully discharged him prior to the expiration of his contract. Plaintiff alleged he became aware of the fact one of the trustees of the hospital was receiving allegedly illegal and improper payments from an insurance company, and his continual insistence that the trustee resign was the reason for plaintiff's discharge.

Plaintiff alleged five separate causes of action in his original complaint: (1) Breach of the employment contract; (2) intentional infliction of injury; (3) the willful and malicious action of two of the individual defendants, giving rise to a right to punitive damages; (4) bad faith on the part of the defendants; and (5) defamation arising out of a statement allegedly made by defendants to the local press that plaintiff was relieved of his duties because of "insubordination".

On May 11, 1976, Judge Truman Bradford ordered the complaint dismissed in its entirety for failure to state a claim upon which relief can be granted pursuant to Rule 12, M.R.Civ.P. The complaint was dismissed for these reasons:

> "1. Under R.C.M. 1947, Section 16-4308, the Defendant hospital district, acting by its duly elected board of trustees, has both the power to appoint and remove a hospital administrator who is a 'supervisory employee', under R.C.M., 1947, Section 59-1602, 'without limitation';
>
> "2. Under R.C.M. 1947, Section 83-4323, the defendants are immune from personal liability; and
>
> "3. Under R.C.M. 1947, Section 64-208, any statements made by any of the defendants are privileged."

Plaintiff did not appeal from this order but filed an amended complaint on May 18, 1976. On May 24, 1976, plaintiff filed an affidavit of disqualification of the presiding judge. Judge R. J. Nelson assumed jurisdiction, and on September 28, 1976, he dismissed plaintiff's amended complaint on the grounds:

> "* * there are no new substantive facts contained in the amended Complaint, and that the Court's Order dated May 10th, 1976 is a final adjudication on the merits and the claims asserted* * *."

We emphasize that plaintiff is appealing from Judge Nelson's order of September 28, not Judge Bradford's order of May 11. As such, plaintiff's notice of appeal, filed October 21, is timely. Rule 5, M.R.App.Civ.P. However, while plaintiff argues at length concerning the merits of Judge Bradford's order, the only issue properly before this Court is whether Judge Nelson erred in dismissing plaintiff's amended complaint for failure to state any new substantive facts. Therefore, we examine plaintiff's amended complaint with reference to the original complaint to determine if any new substantive facts were alleged.

Plaintiff's amended complaint contains six causes of action:

The first is for breach of an alleged five year employment contract and is practically identical to the first cause of action in the original complaint. There are a few additional phrases emphasizing the allegation of the existence of a contract, and adding that plaintiff requested the trustee to resign "to avoid any possible charge that he might be obstructing justice in violation of Section 94-7-303, R.C.M. 1947".

The second is for intentional infliction of injury and alleges defendants were "acting beyond the scope of their authority as trustees....". Plaintiff's original complaint alleged defendants were acting "in their capacity as the Board of Trustees." Plaintiff's amended complaint also alleges he has not been able to find new

employment since he was fired, and he does not expect to find such employment in the future.

The third is new and is also for intentional infliction of injury, but alleges alternatively that defendants acted "within the course and scope of their office as trustees....". Thus, this cause of action is substantially identical to the second cause of action in the original complaint.

The fourth is for punitive damages and is identical to the third cause of action in the original complaint.

The fifth alleges bad faith and is identical to the fourth cause of action in the original complaint.

The sixth is for defamation and differs from the original fifth cause of action only in that it adds the allegation defendants were acting outside the scope of their official duty in making the alleged libelous statements to the press.

It is clear plaintiff's amended complaint is essentially the same as his original complaint. Any changes were purely cosmetic, except for the bare alternatively plead conclusions of law that defendants acted outside the scope of their employment as trustees. In Holtz v. Babcock, 143 Mont. 341, 355, 389 P.2d 869, this Court stated:

> "Professor Moore in Moore's Federal Practice, Vol. 2, P. 2244, puts it this way:
>
> "'* * * For the purposes of the motion [to dismiss under Rule 12] the well-pleaded material allegations of the complaint are taken as admitted; but conclusions of law or unwarranted deductions of fact are not admitted.'"

This reasoning is pertinent here. Plaintiff cannot merely add sweeping alternative conclusions of law to his original complaint and claim that his amended complaint contains substantive changes. In substance, plaintiff refiled what is essentially his original complaint before another district judge, in order to mount

a collateral attack upon the order dismissing his original complaint. Judge Nelson correctly refused to exercise appellate jurisdiction over another district judge. State ex rel. State Highway Commission v. Kinman, 150 Mont. 12, 15, 430 P.2d 110.

The order of the district court dismissing plaintiff's amended complaint for failure to state any new substantive facts is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices