No. 86-268

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

FREDERIC D. DASSORI,

Plaintiff and Appellant,

-vs-

ROY STANLEY CHEVROLET CO.,
AND ROY STANLEY, individually,

Defendants and Respondents.

_____

APPEAL FROM: District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Michael H. Keedy, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Murphy, Robinson, Heckathorn & Phillips; Debra D.
Parker and Dana Christensen, Kalispell, Montana

For Respondents:

Warden, Christiansen, Johnson & Berg; Gary R.
Christiansen, Kalispell, Montana

_____

Submitted on Briefs: Sept. 25, 1986

Decided: November 25, 1986

Filed: NOV 25 1986

_____
Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Frederic D. Dassori appeals the April 18, 1986, order of the Eleventh Judicial District Court dismissing, with prejudice, Dassori's complaint against Roy Stanley Chevrolet Co. and Roy Stanley, individually (defendants). We affirm the dismissal of the complaint.

Dassori, a lawyer residing in the state of Maryland, represented defendants in a dispute with General Motors Company. On October 16, 1984, Dassori filed a complaint against defendants seeking to recover $71,042.59, in attorney's fees incurred in the action with General Motors Company. An amended complaint was filed October 24, 1984. An answer was subsequently filed and on January 14, 1985, defendants filed and had served their first set of interrogatories and a request for production.

Dassori filed a motion February 13, 1985, for an extension of time in which to answer those interrogatories. The motion was granted February 22, 1985, extending the time in which to respond to March 18, 1985. No response was forthcoming. Therefore, on October 24, 1985, defendants filed a motion to dismiss Dassori's complaint pursuant to Rule 37(d), M.R.Civ.P., for failure to answer interrogatories. A hearing on the motion was set for November 5, 1985, but was subsequently vacated. The hearing was finally held March 13, 1986.

In the interim, defendants filed a counterclaim against Dassori. Dassori's motion to dismiss the counterclaim as untimely was denied February 11, 1986.

Dassori appeared personally at the March 13, 1986, hearing on defendants' motion to dismiss. He also supplied the court with answers to the interrogatories and the

requested documents at that time. Nevertheless, the trial judge dismissed Dassori's complaint by order dated April 18, 1986. Dassori's motion for reconsideration was denied at a hearing on May 22, 1986.

The sole issue on appeal is whether the trial judge abused his discretion when he dismissed Dassori's amended complaint against defendants. Dassori contends the trial judge abused his discretion in several ways. First, if any sanction should have been imposed, it should have been less severe than dismissal of the case. Second, no sanction should have been imposed as the District Court never issued an order to compel the answers and Dassori eventually responded.

This Court has addressed the imposition of Rule 37, M.R.Civ.P., sanctions several times in the recent past. The primary thread binding each of those decisions is the deference this Court gives to the decision of the trial judge. Rule 37, M.R.Civ.P., sanctions exist in order to deter dilatory parties. They provide the trial judge with a way to prevent an excessive back-log of cases. The trial judge is in the best position to know the extent of the back-log and to know which parties callously disregard the rights of their opponents and other litigants seeking their day in court. The trial judge is also in the best position to determine which sanction is the most appropriate.

> [W]hen it is not possible for this Court to make a ready, confident, and accurate determination of a party's good faith in the discovery process, we presume the correctness of the District Court's action under Rule 37.

Owen v. F. A. Buttrey Co. (Mont. 1981), 627 P.2d 1233, 1237, 38 St.Rep. 714, 719, citing National Hockey League v. Metropolitan Hockey Club, Inc. (1976), 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747.

3

Rule 37(d), M.R.Civ.P., on which defendant's motion to dismiss is based, states in pertinent part:

> Failure of party to attend at own deposition or serve answers to interrogatories or respond to request for inspection. If a party . . . fails . . . (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take <u>any</u> action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule. (Emphasis supplied.)

Those authorized actions are:

> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;

> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, <u>or dismissing the action or proceeding</u> or any part thereof, or rendering a judgment by default against the disobedient party. (Emphasis supplied.)

Clearly, a permitted sanction is dismissal of the action. We find no abuse of discretion by the trial judge in imposing that sanction.

Unlike in Rule 37(a), M.R.Civ.P., no mention is made in Rule 37(d), M.R.Civ.P. of a motion to compel. Indeed, a motion to compel is not necessary in Rule 37(d), M.R.Civ.P. actions. See Vehrs v. Piquette (Mont. 1984), 684 P.2d 476, 480, 41 St.Rep. 1110, 1115.

Furthermore, a party cannot cure his dilatory actions by presenting the requested answers and documents at the hearing on the motion to dismiss when that hearing is held 14 months after the interrogatories and request for production were received. Dassori's "last-minute tender of relevant

documents could not cure the problem [he] had previously created." G-K Properties v. Redevelopment Agency of the City of San Jose (9th Cir. 1978), 577 F.2d 645, 647. To hold otherwise would contribute even more to the delay presently inherent in actions.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices