No. 86-409

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

PAUL R. LANDAUER,

      Plaintiff and Appellant,

  -vs-

MELFORD KEHRWALD,

      Defendant and Respondent.

---

APPEAL FROM:  District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable James B. Wheelis, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Terry A. Wallace, Missoula, Montana

    For Respondent:

        Ellingson & Moe; Jon E. Ellingson, Missoula, Montana

---

Submitted on Briefs: Dec. 4, 1986

Decided:  February 13, 1987

Filed: FEB 13 1987

_Ethel M. Harrison_
Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Paul R. Landauer appeals a Missoula County District Court order dismissing his complaint against Melford Kehrwald. The issue on appeal is whether the District Court abused its discretion by dismissing the complaint. We affirm.

In 1981, Kehrwald purchased real property at a sheriff's sale in Missoula County, Montana, subject to certain statutory rights of redemption. Landauer claimed he redeemed the property from Kehrwald in 1982 but Kehrwald refused to relinquish possession to Landauer. Kehrwald then filed for declaratory relief asking the court to determine that Kehrwald owned the property and that Landauer had not timely redeemed. Kehrwald continued to collect rents generated by the property and refused to pay the property taxes, ultimately paid by Landauer. In April 1985, the court found that Landauer redeemed the property from Kehrwald in 1982 and was entitled to immediate possession. Landauer then filed suit to recover the lost rental income from Kehrwald. Kehrwald counterclaimed for malicious prosecution and included a prayer for punitive damages. Discovery then commenced. Kehrwald filed his first set of interrogatories and requests for production on July 22, 1985. Request No. 3 asked for "Plaintiff's personal state and federal income tax returns for the years 1980 through 1984." On September 5, 1985, the court ordered that discovery be completed by October 31, 1985 "unless a party . . . requests otherwise, and good cause is shown . . . " Landauer filed his answers to the interrogatories on October 1, 1985, but failed to respond to the requests for production. Landauer filed his first set of interrogatories on October 11, 1985 but by doing

2

so failed to give Kehrwald the allowed thirty days time to answer before the October 31, 1985 deadline for completion of discovery. On November 5, 1986, Landauer moved the court to amend the complaint and add claims for fraud and conspiracy. Landauer also requested an extension of the discovery deadline. Kehrwald filed a motion to compel production of the documents requested (Landauer's federal and state tax returns) and on November 22, 1985, a hearing was held. Landauer produced cover sheets to the federal returns, but not copies of the actual federal or state returns as requested by Kehrwald. The court ordered Landauer to file the returns within twenty days, but he failed to do so. Kehrwald filed another motion to compel and hearing was held on February 21, 1986. The court again ordered Landauer to file complete copies of his federal and state returns within ten days, and warned that failure to comply would result in dismissal of the complaint with prejudice. Landauer's attorney apparently misread the order and only filed the federal tax returns within the ten day deadline. On March 28, 1986, Kehrwald moved to dismiss Landauer's complaint, and noticed the motion for April 11, 1986. Upon receiving the motion, Landauer's attorney asked Landauer, residing in Colorado, to provide his Colorado returns. The state tax returns were hand-delivered to the court at the April 11, 1986 hearing. The court dismissed Landauer's complaint with prejudice on April 24, 1986 as a sanction under Rule 37(b), M.R.Civ.P. Landauer obtained new counsel and filed a motion for reconsideration but the court refused to grant the motion.

Rule 37(b), M.R.Civ.P. reads in relevant part:

> (2) Sanctions by court in which action is pending. If a party . . . fails to obey an order to provide or permit discovery, . . . the court in which the

action is pending may make such orders in regard to the failure as are just and among others the following:

. . .

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party; (Emphasis added.)

Rule 37 sanctions exist for the purpose of deterring dilatory parties.

They provide the trial judge with a way to prevent an excessive back-log of cases. The trial judge is in the best position to know the extent of the back-log and to know which parties callously disregard the rights of their opponents and other litigants seeking their day in court. The trial judge is also in the best position to determine which sanction is the most appropriate.

Dassori v. Roy Stanley Chevrolet (Mont. 1986), 728 P.2d 430, 431, 43 St.Rep. 2113, 2114.

[W]hen it is not possible for this Court to make a ready, confident, and accurate determination of a party's good faith in the discovery process, we presume the correctness of the District Court's action under Rule 37.

Owen v. F. A. Buttrey Co. (Mont. 1981), 627 P.2d 1233, 1237, 38 St.Rep. 714, 719, citing National Hockey League v. Metropolitan Hockey Club, Inc. (1976), 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747.

In Dassori, we affirmed the lower court's dismissal of an action in which the plaintiff, an attorney, presented answers to interrogatories and the requested documents at the

4

hearing on the motion to dismiss the complaint some fourteen months after the interrogatories and requests had been received by the plaintiff. As we stated in Owen, 627 P.2d at 1235, this Court follows the recent trend of cases intent upon punishing transgressors rather than patiently trying to encourage their cooperation.

Counsel in the case before us was delinquent in filing his client's discovery, and twice failed to obey the clear mandates of a court order that he produce his client's federal and state tax returns for the years requested. The second order gave warning that failure to comply would result in dismissal of the complaint with prejudice. By ignoring the court orders, counsel should have realized he was placing his client's case in jeopardy. Landauer, according to his affidavit, was informed in 1985 that Kehrwald had requested the production of his "tax returns" and that cover or face sheets of the federal returns would be sufficient. The court found otherwise and ordered Landauer to produce copies of the federal and state returns within twenty days. Again, Landauer failed to comply. Landauer claims he heard nothing about the matter until February 21, 1986, five days before the second hearing on the motion to compel discovery, when he received a letter from counsel advising him to produce his federal returns. He claims counsel told him nothing about any court order to produce the returns. Landauer sent the federal returns to counsel and was advised a month later that Kehrwald had moved to dismiss his claim because he had not produced his state (Colorado) tax returns.

Counsel should not have been surprised that his client's case was ultimately dismissed. More importantly, counsel should have realized his duty to the court. A party displaying an attitude of unresponsiveness to the judicial process warrants the imposition of sanctions, including dismissal. As we

stated in Dassori, 728 P.2d at 431, the trial judge is in the best position to determine the most appropriate sanctions.

Finally, in answer to Landauer's claim that he complied with the court's order by producing the state tax returns at the April 1986 hearing, we again quote Dassori, 728 P.2d at 432:

> [A] party cannot cure his dilatory actions by presenting the requested answers and documents at the hearing on the motion to dismiss. . .

The District Court did not abuse its discretion. Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices