NO. 93-024

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

KARL NYSTROM and RUTH NYSTROM,

    Plaintiffs and Appellants,

    vs.

ROBERT C. MELCHER; DUANE SCHNITTGEN;
MORRISON, YOUNG, MELCHER, BROWN &
RICHARDSON, an entity of assumed name;
ROBERT D. MORRISON: CHRIS R. YOUNG;
STEPHEN R. BROWN, JR.: and KATHLEEN H.
RICHARDSON,

    Defendants and Respondents.

FILED

NOV 23 1993

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Twelfth Judicial District,
In and for the County of Hill,
The Honorable Robert J. Boyd, Judge presiding.

COUNSEL OF RECORD:

    For Appellants:

    Mort Goldstein, Goldstein Law Firm, Havre, Montana

    For Respondents:

    Stuart C. MacKenzie, Burns, Solem & MacKenzie,
Chinook, Montana (for Duane Schnittgen); Neil E.
Ugrin, Ugrin, Alexander, Zadick & Slovak, Great
Falls, Montana

Submitted on Briefs:  September 9, 1993

Decided:  November 23, 1993

Filed:

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

Plaintiffs appeal from the order of the District Court of the Twelfth Judicial District, Hill County, dismissing their complaint with prejudice for their repeated failure to plead in conformity with the Montana Rules of Civil Procedure. We affirm.

The sole issue for review is whether the District Court erred in dismissing the plaintiffs' complaint with prejudice because of their failure to comply with the Montana Rules of Civil Procedure and failure to comply with an order of the court.

This case stems from prior litigation between Karl and Ruth Nystrom (the Wystroms) and respondent Duane Schnittgen (Schnittgen), in which Schnittgen was represented by respondent Robert C. Melcher (Melcher). This litigation was an action upon a contract covering real and personal property; it was initiated by Schnittgen and culminated in a trial before District Court Judge Peter L. Rapkoch. Judge Rapkoch denied relief on all claims and counterclaims. After the completion of and in response to that action, the Nystroms filed a complaint, subsequently amended, against Schnittgen, Melcher and the law firm of Morrison, young, Melcher, Brown & Richardson.

The Nystroms' amended complaint asserted claims for "malicious fraudulent prosecution," "intentional abuse of process," and "unlawful intentional infliction of emotional distress." The amended complaint contained 76 paragraphs in 26 pages of allegations. The District Court determined that "the form and substance of this pleading was vindictive, argumentative, and

2

repetitive" and "not within the contemplation of the Montana Rules of Civil Procedure and was not a pleading to which the defendants should or could reasonably be expected to respond." The respondents Melcher and the law firm of Morrison, Young, Melcher, Brown & Richardson filed a motion to strike the amended complaint or, in the alternative, for a more definite statement and were joined by Schnittgen in their motion. Judge Robert J. Boyd issued an order striking the Nystroms' amended complaint and ordered them to make their complaint conform to Rules 8(a), 8(e)(1) and 12, M.R.Civ.P.

The Nystroms filed a second amended complaint, this time alleging "intentional malicious fraudulent prosecution," "intentional abuse of process," "unlawful intentional infliction of emotional distress," and "interference with business relation" and also purported to state a claim for "conspiracy." The second amended complaint contained 130 paragraphs of allegations plead in 13 counts over 43 pages. It essentially repleaded the claims alleged in the first complaint and included claims distinct from and not indicated by the first amended complaint. Judge Boyd also found that the second amended complaint remained "vindictive, argumentative, and repetitive in form and substance."

In response to the second amended complaint, respondents filed a motion to dismiss the complaint pursuant to Rule 41(b), M.R.Civ.P., based on the Nystroms repeated failure to plead in conformity with the Montana Rules of Civil Procedure and for failing to obey the District Court's order directing them to

"strictly observe" Rules 8 and 12, M.R.Civ.P., in any subsequent amended complaint. The District Court heard oral arguments on the motion and subsequently dismissed the Nystroms' second amended complaint with prejudice. Although the court concluded that the plaintiffs' "abusive pleading tactics" had needlessly protracted litigation and added to its cost, it declined to grant the respondents' request for sanctions under Rule 11, M.R.Civ.P. Specifically, the District Court concluded:

> 7. The second amended complaint is parallel to, or more egregious than, the violation of the rules committed by plaintiffs in their first amended complaint. The second amended complaint is in direct violation of the Court's order of January 3, 1992, as well as the Montana Rules of Civil Procedure. The second amended complaint does not strictly observe the requirements of Rules 8 and 12, Mont. R. Civ. P., and, as such, dismissal with prejudice is warranted under Rule 41(b), Mont. R. Civ. P.

> 8. Plaintiffs' motion for leave to amend the second amended complaint is without merit. Plaintiffs' seek to amend their second amended complaint in order to more particularly plead fraud allegations. Fraud and fraud-related allegations were pleaded without particularity in the first amended complaint, and plaintiffs demonstrated no effort to plead these allegations with greater brevity, clarity! or particularity in the second amended complaint, despite the admonition of the Court. A further request to replead is not warranted under the circumstances herein. In addition, the plaintiffs seek leave to amend the second amended complaint to more clearly plead their conspiracy count. The conspiracy count was not pleaded in the first amended complaint. Given the prior admonition of the court, and in light of the specious manner in which this count was pleaded in the second amended complaint, the Court concludes that leave to amend is not warranted.

In the first action, Judge Rapkoch concluded that Schnittgen had alleged an oral contract which was "for all intents and purposes a subterfuge." In this action, the Nystroms' complaint attempted to state a cause of action against defendants for

4

deliberately fabricating a fraudulent suit to deceptively obtain property belonging to the Nystroms. The Nystroms argue that there were other alternatives available to the District Court in lieu of the drastic and unprecedented measure of dismissal with prejudice.

Did the District Court err in dismissing the plaintiffs' complaint with prejudice because of their failure to comply with the Montana Rules of Civil Procedure and failure to comply with an order of the court?

The District Courtdismissedthe second amended complaint with prejudice under Rule 41(b), M.R.Civ.P., because it did not strictly observe the requirements of Rules 8 and 12, M.R.Civ.P. Rule 41(b), M.R.Civ.P., provides in pertinent part:

> Rule 41 (b). Involuntary dismissal -- effect thereof. For failure of the plaintiff to . . . comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication upon the merits.

Rule 41(b), M.R.Civ.P., has no application to a motion to dismiss for failure to state a claim under Rule 12(b), M.R.Civ.P.; we therefore do not need to address the sufficiency of the claim in stating a cause of action.

At the time Judge Boyd ordered the first amended complaint stricken, he allowed the Nystroms 30 days in which to file a second amended complaint "strictly observing the requirements of Rule 8(a) and 8(e)(1), as well as the mandates of Rule 12, M.R.Civ.P." These rules provide in pertinent part:

> Rule 8(a). Claims for relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim or third-party claim, shall

5

contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief . . .

Rule 8(e). Pleading to be concise and direct -- consistency. (1) Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motion are required. . . .

Rule 12(e). Motion for more definite statement. If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. . . . If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

Rule 12 (f). Motion to strike. . . . upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at anytime, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Rule 12(e), M.R.Civ.P., clearly allowed the District Court to strike the first amended complaint in this action and also to order that the second amended complaint be dismissed with prejudice as contemplated under Rule 41(b), M.R.Civ.P.

Dismissal under Rule 41(b), M.R.Civ.P., however, is a harsh remedy. This Court has previously stated that because the result is severe, district courts should refrain from thus dismissing an action "unless there is no other adequate remedy available" and "the facts sufficiently call for such a result." Chisholm v. First Nat'l Bank of Glasgow (1988), 235 Mont. 219, 220, 766 P.2d 868, 869. In Chisholm, 766 P.2d at 872, we quoted Von Poppenheim v. Portland Boxing and Wrestling Comm'n (9th Cir. 1971), 442 F.2d 1047, 1049, cert. denied 404 U.S. 1039, 92 S.Ct. 715, 30 L.Ed.2d

6

731, reh'g denied 405 U.S. 999, 92 S.Ct. 1246, 31 L.Ed.2d 469:

> Because a dismissal under Rule 41(b) is such a harsh remedy, and because such dismissals are frequently occasioned by inattention of counsel rather than by plaintiff's own wrongdoing, courts are rightfully reluctant to employ 41(b) sanctions for failure to comply with an order of the court . . . It is equally clear, however, that aggravated circumstances may make dismissal under 41(b) appropriate . . . In those cases the district judge will be reversed only if he has abused his discretion in dismissing the action.

Montana Rule 41(b), M.R.Civ.P., parallels the federal rule and also places a decision to involuntarily dismiss a pleading within the sound discretion of the district court.

We emphasize again that a Rule 41(b) dismissal of a complaint is not determined by whether or not the complaint can withstand a Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief can be granted.

Under the identical federal rule, the Ninth Circuit Court of Appeals has held that the court is not required to exhaust all possible sanctions prior to dismissing a case with prejudice. Nevijel v. North Coast Life Ins. Co. (9th Cir. 1981), 651 F.2d 671, 674. In Neviiel, the original complaint was "verbose, confusing and almost entirely conclusory" and consisted of 48 pages with 23 pages of addenda and exhibits. The plaintiffs were ordered to file an amended complaint. The amended complaint was 23 pages long with 24 pages of addenda, named additional defendants without leave of the court and was equally as verbose, conclusory and confusing as the first version of the complaint. The plaintiffs contended on appeal that they should be granted leave to amend the complaint. The Ninth Circuit affirmed the lower court's dismissal with

7

prejudice, holding that the district court did not abuse its discretion, although there were numerous other sanctions available. Neviiel, 671 P.2d at 674.

The Eighth Circuit similarly affirmed a district court's dismissal with prejudice, concluding that the plaintiff's deliberate persistence in refusing to conform his pleadings to the requirements of Rule 8 justified dismissal with prejudice. Michaelis v. Nebraska State Bar Ass'n (8th Cir. 1983), 717 F.2d 437, 439.

Our standard of review in discretionary trial court rulings is whether the court abused its discretion. Steer Inc. v. Department of Revenue (1990), 245 Mont. 470, 475, 803 P.2d 601, 604. We encourage the cautious exercise of that discretion in involuntary dismissal actions, but will reverse the district court only if the court has abused its discretion in dismissing the action. Chisholm, 766 P.2d at 872. Chisholm further held that the district court has discretion to dismiss the entire action and is not bound to dismiss only those claims which are related to the court order with which plaintiff failed to comply. Chisholm, 766 P.2d at 872. As stated above in the quote from Von Poppenheim, frequently a failure to comply with an order of the court for failure to plead according to the rules is attributable to the attorney rather than the party. However, "it is entirely clear that the party cannot avoid the consequences of the acts or omissions of his freely chosen attorney." 9 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2369 (1971).

8

In this case, the District Court ordered the Nystroms to comply with Rule 8(a) and (e), M.R.Civ.P., in any repleading of their complaint. These rules require a short and plain statement that is simple, direct and concise. The Nystroms responded with an amended complaint which was even more confusing, vague and redundant than the first amended complaint and nearly twice as long.

This Court has stated that an important factor to consider in reviewing a dismissal of a complaint under Rule 41(b), M.R.Civ.P., is whether the offending party had a prior warning that such conduct could result in dismissal. Doug Johns Real Estate, Inc. v. Banta (1990), 246 Mont. 295, 299, 805 P.2d 1301, 1304. <u>See also</u> Becky v. Norwest Bank Dillon, N.A. (1990), 245 Mont. 1, 798 P.2d 1011. In dismissing a complaint for failure to prosecute, this Court stated in Cox v. Myllymaki (1988), 231Mont. 320, 322-23, 752 P.2d 1093, 1095, that another important factor in such an action was the availability of alternative sanctions.

The Nystroms were given prior warning and allowed to replead their complaint, provided they comply with the Montana Rules of Civil Procedure. They now contend that they should be allowed to further amend their complaint and that dismissal with prejudice was inappropriate. In dismissing the second amended complaint in this case, the District Court stated:

> 5. Plaintiffs' second amended complaint is needlessly long, confusing, redundant, scandalous, onerous, and harassing. Plaintiffs' second amended complaint does not comply with the letter nor spirit of Rules 8 and 12, Mont.R.Civ.P., despite the Court's admonition to strictly observe the requirements therein.

9

Plaintiffs' second amended complaint is not a simplification of the first amended complaint. The verbose, derogatory, and imprecise nature of the pleading, as well as the intermingling of claims and parties therein, does not permit the defendants to respond responsively, nor should the defendants be expected to frame a responsive pleading. The second amended complaint is an abuse of the rules of civil procedure and this Court's order. The plaintiffs' persistent refusal to conform their pleading to the Montana Rules of Civil Procedure and the order of this Court warrants dismissal of the second amended complaint, with prejudice.

An example of the Nystroms' pleading in the first amended complaint is as follows:

16. Defendant "Melcher" had the ulterior purpose of concealing that he had been an active participant in Schnittgen's deliberately false and fraudulent ulterior scheme and Court allegations. Melcher knew and was convinced that his client's claim was sham, unmeritorious and unfounded. Melcher knew that no probable cause for the trial of Schnittgen's false and fraudulent claims existed. "Melcher" not only believed his client's claims were not meritorious, prior to and during the trial concerning Hill County Cause No. DV-88-248, but Melcher knew that the only way that Schnittgen's claims could have succeeded was if Schnittgen and Melcher were successful in intentionally deceiving the Court by presenting manufactured false testimony.

This is essentially the same as, although shorter than the following paragraph taken from the second amended complaint:

109. Defendant Melcher had the ulterior purpose of concealingthathe had been an active knowing participant in Schnittgen's deliberate, false and fraudulent ulterior scheme and falsified Court allegations. Melcher knew and was convinced that his client's claim was sham, unmeritorious and unfounded and that there was no substantial purpose in presenting or alluding to Schnittgen's false "value" claim in the District Court. Melcher did not believe his client's claims to be meritorious, under any honest presentation of facts. Melcher knew that the only way that Schnittgen's claims could have possibly succeeded was if Schnittgen and Melcher were successful in intentionally deceiving the Department of State Lands, as well as the Hill County District Court through the presentation of manufactured

> false testimony and or testimony having no actual bearing
> on the relevant 1987 "value" of the property that was the
> subject of Hill County Cause No. DV-88-248.

This is representative of the second amended complaint when compared to the first amended complaint. In general, the paragraphs of the second amended complaint are organized in a different manner and are more verbose than in the first amended complaint. Not only are statements redundant within the same paragraph, they are reiterated throughout the complaint.

Further, the second amended complaint contains the same vituperative tone throughout as did the first amended complaint. Respondents contend that the allegations in the second amended complaint are needlessly long, repetitive, confusing and vitriolic. Respondents further contend that they failed to comply with the order of the court. We agree.

This Court has previously stated that a party displaying an attitude of unresponsiveness to judicial process warrants imposition of sanctions, including dismissal. Landauer v. Kehrwald (1987), 225 Mont. 322, 325, 732 P.2d 839, 841. In Landauer, we restated our policy of following the recent trend of cases intent upon punishing transgressors of Rule 37, M.R.Civ.P., discovery abuses rather than patiently trying to encourage their cooperation. Landauer, 732 P.2d at 840-41. This Court has held further that where plaintiff's complaint was essentially the same as an earlier complaint dismissed by another judge, differing from the earlier complaint only in its sweeping alternative conclusions of law, the complaint was properly dismissed. Sovey v. Chouteau County Dist.

11

Hosp. (1977), 173 Mont. 392, 395, 567 P.2d 941, 943. Further, the district court is in the best position to know which parties callously disregard the rights of their opponents and other litigants and to determine which sanction is most appropriate. Dassori v. Roy Stanley Chevrolet Co. (1986), 224 Mont. 178, 180, 728 P.2d 430, 431. The district court judge is also in the best position to assess whether a party has made a good faith effort to comply with a court order and whether a lesser sanction would be appropriate.

In this case, the plaintiffs were warned. After the first amended complaint was stricken, Judge Boyd ordered the Nystroms to comply with procedural rules. They were given 30 days in which to replead and ordered to comply with specified rules of procedure. Despite the court's order to strictly comply with Rules 8 and 12, M.R.Civ.P., the Nystroms' second amended complaint is even more egregious than, albeit strikingly similar to, the complaint previously stricken. There is no indication that the plaintiffs made a good faith effort to comply with the court's order to tailor their complaint to Rules 8 and 12, M.R.Civ.P. The District Court reasonably could have concluded that there was no other adequate remedy available and the facts of this case sufficiently called for involuntary dismissal, according to the standard set forth in Chisholm.

In Von Poooenheim, 442 F.2d at 1054, the court stated:

The exercise of [the court's] discretion to dismiss requires only that possible and meaningful alternatives be reasonably explored, bearing in mind the drastic foreclosure of rights that dismissal effects. Here the

district judge made such reasonable opportunities and alternatives available to plaintiff that the dismissal was not an abuse of discretion. Somewhere along the line, the rights of the defendants to be free from costly and harassing litigation must be considered. So too must the time and energies of our courts and the rights of would-be litigants awaiting their turns to have other matters resolved. The exact point on that line is incapable of exact definition, but we are satisfied that the present case went beyond it.

In this case, we are convinced that Judge Boyd granted the plaintiffs a reasonable opportunity to amend their complaint after the first amended complaint was stricken. They failed to comply with his order and the pleading requirements of Rule 8, M.R.Civ.P., despite Judge Boyd's order.

The Nystroms did not strictly observe Rules 8 and 12; they repleaded in the same repetitive and vituperative fashion. We conclude that the Nystroms were adequately warned that their first amended complaint was inadequate, they were informed of its faults and they were given sufficient time to correct them. We further conclude the Nystroms did not comply with the court's order and did not conform their second amended complaint to Rules 8 and 12, M.R.Civ.P..

We hold the District Court did not abuse its discretion in dismissing the Nystroms' complaint with prejudice based on their failure to comply with the Montana Rules of Civil Procedure and failure to comply with an order of the court.

AFFIRMED.

_____
Justice

13

We Concur:

_J. A. Turnage_
                Chief Justice

_John Conway Harrison_

_William E. Hunt_

_____

_____

_____
                Justices

14

Justice **Karla** M. Gray, dissenting.

I respectfully dissent from the Court's opinion. While I understand the frustration of both the District Court and this Court over the pleadings at issue here, I cannot agree that dismissal with prejudice is appropriate. In particular, it is my view that the Court overstates when it characterizes as **"repeated"** appellants' failure to plead in conformity with the Montana Rules of Civil Procedure: the record is clear that one repleading occurred prior to dismissal. Because I believe that a fair reading of the record and the amended complaint reflects that appellants' counsel made a good faith effort to comply, I conclude that the District Court abused its discretion in dismissing the amended complaint at issue here with prejudice pursuant to Rule 41(b).

This action arises out of an underlying suit by Duane Schnittgen, a defendant herein, against Karl and Ruth Nystrom, plaintiffs/appellants herein. It is predicated on the defendants' conduct in initiating and prosecuting the previous litigation against the Nystroms.

The Nystroms' original complaint was filed on September 11, 1991, and contained **"Doe"** defendants. Prior to any responsive pleading, the Nystroms filed an amended complaint. The **28-page** complaint was captioned "Amended Complaint and Jury Demand for Intentional Malicious Fraudulent Prosecution, Intentional Abuse of Process, and Unlawful Intentional Infliction of Emotional Distress." It contained 76 numbered allegations by both Nystroms

15

jointly, followed by a prayer for relief. No separate claims or counts were provided.

Defendant Robert C. Melcher moved to strike "superfluous allegations" in the amended complaint or, in the alternative, to order the Nystroms to submit a more definite statement. The other defendants joined in the motion. While it is clear from their supporting brief that the defendants were concerned with the tone and tenor of the amended complaint, the defendants clearly and repeatedly expressed concerns that the complaint was vague and ambiguous in that it "does not segregate or specify the purported claims by individual, corresponding counts." In essence, the defendants could not ascertain which allegations were urged in support of which theory set forth in the caption of the complaint. The motion also related to the verbosity and redundancy in the pleading.

The District Court granted the defendants' motion to strike, allowing the Nystroms 30 days to replead "strictly observing the requirements of Rule 8(a) and 8(e)(1), as well as the mandates of Rule 12, M.R.Civ.P." No further direction or specification to the rules was provided.

In response to the court's order, the Nystroms timely filed a second amended complaint. The 43-page complaint set forth a total of thirteen separate counts covering the two plaintiffs and the seven named defendants: four counts by Ruth Nystrom against Schnittgen, four counts by Karl Nystrom against Schnittgen, two counts by both Nystroms against the other named defendants except

16

Melcher; and three counts by both Nystroms against Melcher individually. The prayer for relief also was separately stated by plaintiff, defendant and count.

The defendants responded to this amended complaint by filing a motion to dismiss pursuant to Rule 41(b) for failure to plead in conformity with the Montana Rules of Civil Procedure and as ordered by the court. The thrust of the motion was the rambling, invective nature of the amended complaint: the defendants asserted that the complaint was not the "short and plain statement" of claim or the "simple, concise, and **direct**" averment of pleading required by Rules 8(a) and **8(3)(1)** and the court's earlier order. The District Court dismissed the complaint in its entirety with prejudice, based primarily on the Rule 8 requirements of precision, clarity and brevity and the Rule 12 requirements that pleadings not be ambiguous and be free of impertinent and scandalous matter.

As stated above, both the District Court and this Court are understandably frustrated by the length and rambling nature of the amended complaint. However, I cannot agree that the complaint should be dismissed with prejudice. A careful reading of (1) the original motion to strike or for a more definite statement; (2) the District Court's order to **replead;** and (3) the amended complaint, suggests to me that appellants made a good faith effort to comply with the court's order and the thrust of the defendants' first motion. Because there are two appellants and seven named defendants, the restructuring into separate counts by plaintiff and defendant necessarily resulted in a lengthier amended complaint.

17

Thus, while the amended complaint was lengthier than would have been necessary had counsel dropped his unfortunate habit of tedious and repetitive adjectival phrases or simply incorporated allegations by reference in later counts, I cannot conclude that-- under these circumstances--length alone is an appropriate basis for a result as severe as dismissal with prejudice. To my knowledge, we have set no page limit for complaints involving nine separate parties and thirteen separate counts. On the basis of this record, the amended pleading reflects a sufficient good faith effort to avoid the harsh and final remedy of dismissal with prejudice.

Landauer, on which the Court relies, is inapposite on both the law and the facts. First, it involved Rule 37(b), rather than 41(b); it was a discovery abuse case. Landauer, 732 P.2d at 840. Second, the plaintiff's actions in Landauer, which supported the dismissal sanction for discovery abuses, were much more egregious than those of appellants here. There, counsel was dilatory in filing his client's discovery and twice failed to obey the clear mandates of court orders to produce tax returns. Landauer, 732 P.2d at 841. Here, appellants were never dilatory: in addition, the court's order was nowhere near as clear as the disobeyed mandates in Landauer. Thus the "attitude of unresponsiveness" present in Landauer simply does not appear here.

Nor are Sovev and Dassori persuasive precedent. Here, unlike in Sovev, appellants did not refile essentially the same complaint: they laboriously separated each claim against each named defendant in response to the defendants' complaint that they did not

18

"segregate or specify the purported claims by individual, corresponding counts." Their reward for this effort to meet the defendants' concerns is dismissal with prejudice. In this same regard, a fair reading of the record does not result in a conclusion that the appellants "callously disregard[ed] the rights of their opponents," as the Court suggests by its reliance on Dassori.

I agree that the amended pleading is far less than the ideal. I also agree that this counsel's vituperative tone and approach does not exemplify the ideals of practice by members of the legal profession in Montana. I cannot agree, however, that dismissal with prejudice--which results in a total inability of the Nystroms to have their dispute considered by the courts of Montana--was appropriate here. I would reverse the District Court.

_____
                    Justice

Justices Terry T. Trieweiler and James C. Nelson concur in the foregoing dissent.

_____

_____
                    Justices

19

November 23, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Mort Goldstein
Goldstein Law Firm
P.O. Box 706
Havre, MT 59501

Stuart C. MacKenzie
Burns, Solem & MacKenzie
P.O. Box 248
Chinook, MT 59523

Neil E. Ugrin
Ugrin, Alexander, Zadick & Slovak
P.O. Box 1746
Great Falls, MT 59403

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
   Deputy