OPINION
Opinion by Justice SMITH:
INTRODUCTION
During 1988 and 1989, Shelly Marie Samsel received medical treatment from St. Joseph Hospital in Ronan. An outstanding debt is alleged to be owing for these medical services in the amount of $6,959.13, plus interest and costs.
On March 4, 1996, Plaintiff Bayleat Law, P.C., filed a collection action against Defendant Steve Samsel in Tribal Court to collect on the debt under the theory of joint and several liability of Shelly and Steve Samsel, who were married at the time the debt for medical services arose. They are now divorced. In an unusual arrangement, Bayleat Law, P.C., is also the attorney for Bayleat Law, P.C., the plaintiff.[1] Steve Samsel is an enrolled member of the Salish & Kootenai Tribes. Plaintiff has apparently filed other suits against Shelly Samsel attempting to collect on the debt, and one other suit against Steve Samsel in State District Court that was dismissed for lack of subject matter jurisdiction.
On June 11, 1996, the Defendant filed an answer and counterclaim to the Plaintiffs complaint. On June 13, Defendant filed a motion for judgment on the pleadings alleging that the complaint fails to state a cause of action and that the action is time barred. On June 17, Plaintiff filed for leave of Court to file an amended complaint, which motion was opposed by the Defendant. On July 1, the Plaintiff filed a motion to dismiss the counterclaim. The parties briefed all motions and the Court allowed oral argument on pending motions at its pretrial conference held on September 20, 1996.
On October 1, 1996, Tribal Judge Stephen A. Lozar issued his order on pending motions. The order granted Defendant’s motion for judgment on the pleadings on the grounds the complaint was time barred; denied Plaintiffs motion to file an amended complaint on the same grounds; denied Plaintiffs motion to dismiss the counterclaim; held that the counterclaim stated a cause of action; and confirmed Tribal Court jurisdiction.
Plaintiff has appealed this order on several grounds. The Court will review the *93 issues argued in Appellant’s brief in the order presented.
1. The Amended Complaint Issue
The Plaintiff argues that the trial court committed reversible error in denying its motion to amend its complaint. It argues that it had no pre-trial obligation to put forth any facts to defend against the Defendant’s motion for judgment on the pleadings. The record shows that the Plaintiff was afforded a full opportunity to present to the lower court any facts or evidence to rebut not only the Plaintiffs motion, but to rebut Plaintiff’s own pleadings.
On the face of the complaint, the action is time barred under the Tribe’s statute of limitation, which would have expired several years before the Plaintiff initiated its suit in Tribal Court. Pre-trial motions may be used to dismiss time-barred suits. See Beckman v. Chamberlain, 673 P.2d 480, 482 (Mont.1983)(a motion to dismiss for failure to state a claim will lie when the complaint on its face establishes that the claim is barred by the statute of limitations); Kinion v. Design Systems, Inc., 197 Mont. 177, 179-80, 641 P.2d 472 (1982)(to resist a motion for judgment on the pleadings, the responding party should submit affidavits or other testimonial material). In fact, the Plaintiffs offering of an amended complaint even more clearly pleads the time-barred claim. See Sovey v. Chouteau (Jaunty District Hospital, 173 Mont. 392, 567 P.2d 941 (1977)(where deficiency exists in both the amended complaint and the original complaint, dismissal is appropriate).
The lower court did not abuse its discretion in granting the motion for judgment on the pleadings. Given the Plaintiffs failure to defend itself against this motion, the Court had little choice but to grant the motion. The lower court has no obligation to reserve ruling on statute of limitation challenges until trial. If this were the rale, the courts could be clogged with frivolous, time-barred cases and the courts and defendants would be held hostage by irresponsible pleading practices and frivolous suits. That would turn the principle of judicial economy on its head. See Blonder-Tangue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971)(affir-mative defenses dearly established on the pleadings may be disposed of by judgment on the pleadings); Brictson v. Woodrough, 164 F.2d 107, 110-11 (8th Cir,1947)(where no facts are alleged to avoid the bar of the statute, the action may be dismissed by motion); Gossard v. Gossard,, 149 F.2d 111, 113 (10th Cir.1945)(statute of limitations defense may be decided by motion).
The statute of limitation issue was briefed at the lower court and the Plaintiff had full opportunity to present any evidence to defend against the time bar claim. There were no facts in dispute on the time bar question because the Plaintiff failed to proffer any facts to dispute Defendant’s motion.[2] Either the Plaintiff had no proof to counter the time bar claim, or simply elected not to present such evidence. In either case, the trial court did not abuse its discretion.
2. Service of the Counterclaim
On June 11, 1996, the Defendant filed its Answer with the Court and mailed *94 Balyeat Law a copy of same. The Answer included a counterclaim against the Plaintiff. The Plaintiff received actual service of the Answer and Counterclaim because, on July 1, it filed a motion to dismiss the counterclaim on several grounds, including improper service. Plaintiff alleges the counterclaim is defective because the Defendant did not, in addition to service by mail, ensure that the answer and counterclaim was served through the Clerk of Court.
Section 6 of Tribal Ordinance 36B provides:
Upon filing of an answer, the Clerk shall arrange for service of the answer on the opposing party by personal service or by registered or certified mail.... The same timing and procedures shall apply to plaintiff against whom a cross-claim is asserted....
The trial court was satisfied that the “method of service, by mail, is consistent with the Federal Rules of Civil Procedure which are generally followed by this Court, and is consistent with the customs and usages of this Tribal Court.... It would serve no useful purpose to quash the service of the Counterclaim which has been accomplished, and to require the Clerk to re-serve the Counterclaim. Since Plaintiff acknowledges receipt of the Counterclaim, and has filed motions in response thereto, the Plaintiff has not been prejudiced by the method of service.” We concur.
No due process rights were violated by the counterclaim being served by mail rather than by the Clerk of Court. Had the Plaintiff not received actual notice and service of the answer and counterclaim by mail, this Court would review this matter from a different point of view. But here the Plaintiff clearly received actual notice of the answer and counterclaim. It may have been a technical error, but not one warranting reversal of the lower court’s order or a dismissal of the counterclaim. To do so here would be elevating form over substance in the context of facts where no due process rights were infringed upon.
For many years and out of custom, the Tribal Court has consistently looked to the service procedures set forth in the Federal Rules of Civil Procedure for service of answers and counterclaims, and has not followed the archaic process set forth in Ordinance 36B. Under this practical procedure, the Defendant provides the Plaintiff a copy of any answers and counter claims it files with the Court, the same process employed by federal and state courts. It has not been the Court’s practice to serve the answer or counterclaim. The Plaintiff in this case has utilized the Tribal Court numerous times over the years and should have been aware of this practice. If any technical error were made here, it was harmless error.
3. The Counterclaim
In its counterclaim, the Defendant alleges that the Plaintiff committed negligence and gross negligence by filing a suit barred by the statute of limitations, by filing a complaint that does not state a cause of action, by failing to exercise reasonable care in the investigation and filing of the action, and by filing a suit in State Court against the Defendant when that court lacked jurisdiction. Defendant also asserts counterclaim for malicious prosecution, and includes a claim for punitive damages based on alleged actual malice by the Plaintiff in bringing the original suit. The trial court denied Plaintiffs motion to dismiss the counterclaim on the grounds that the “allegations in the Counterclaim are sufficient to state a cause of action.”
We affirm the trial court on its decision to deny the motion to dismiss and find no abuse of discretion.
*95 In appraising the sufficiency of a complaint (or counterclaim), the accepted rule is that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Proto v. Missoula County, 230 Mont. 351, 352-53, 749 P.2d 1094 (1988). A claimant need not set out in detail the facts upon which he bases his claim, only a “short and plain statement of the claim.” Id. at 47, 78 S.Ct. 99.
On its face, the Plaintiff’s original complaint does not state a claim and is grossly deficient. Given the fact it was prepared and signed by an attorney, an officer of the court, its deficiencies are serious and might invoke sanctions under Rule 11 of the Federal Rules of Civil Procedure.[3] The counterclaim’s allegations of shoddy pleading, the history of prior collections efforts against the Defendant and his ex-wife, coupled with the apparent disregard by the Plaintiff and its attorneys to the statute of limitations provide sufficient allegations to defeat a motion to dismiss under the “short and plain statement” pleadings requirement.
Based on the limited record before the lower court and the early stage of the proceeding, this Court is not inclined to rule at this time on the specific counterclaims raised by the Defendant. In its October 1, 1996 order, the trial court provided no discussion of its views on the particular counterclaims, holding only that the allegations, in total, were sufficient to survive a motion to dismiss the entire counterclaim. This affords the trial court and the parties the opportunity for further factual development and pre-trial motions as the case proceeds to determine whether the particular counterclaims can stand. The Plaintiff has yet to file an answer to the counterclaim, and both parties have an opportunity to amend pleadings if desired. Allowing the trial court and the parties an opportunity to develop a factual record would assist any appeal that might be taken regarding the particular counterclaims. This will also allow the parties an opportunity to conduct some discovery and allow the court to review, if needed, the peculiar and suspicious nature of the representation relationship between the Plaintiff and Balyeat Law. The lower court’s October 1, 1996, order is AFFIRMED.
SO ORDERED.

. The original complaint lists “Balyeat Law, P.C., as trustee” as the Plaintiff. The body of the complaint, however, does not identify Ba-lyeat Law, P.C., operating in any “trustee" capacity. Hereafter “Balyeat Law, P.C., as trastee" will be referred to as Plaintiff. The law firm of Balyeat Law, P.C., acting as attorney for the Plaintiff, will hereafter be referred to as “Balveat Law.”

. Had the Plaintiff offered facts or evidence to support an exception or tolling to the running of the statute of limitations, the matter might have been decided under summary judgment, assuming no material facts were in dispute. If there was a dispute as to material facts, the factual dispute could have been reserved for trial. By failing to offer any factual evidence whatsoever to oppose the motion for judgment on the pleadings, the Plaintiff left the lower court little option but to grant the motion.

. The verbatim and complete text of the underlying allegations in the complaint consist of:
"NOW COMES Plaintiff, Balyeat Law Offices, P.C., and complains of defendant(s) as follows:
1
That Defendant is an enrolled member of the Confederated Salish and Kootenai Tribes:
II
That ihe Plaintiff is not an enrolled member of the Confederated Salish and Kootenai Tribes:
[[Image here]]
WHEREFORE, Plaintiff demands judgment against Defendant(s) for 6959.13, plus accruing interest and costs, and for such other and further relief as may be proper in the premises.”