Justice Dirk Sandefur, concurring in part and dissenting in part.
*682 ¶ 43 Based on the broad scope of district court discretion and the deferential abuse of discretion standard of review, I concur in the Court's reasoning and holdings with one exception.[1] I dissent from the Court's affirmation of the District Court's discretionary award of attorney fees to BNSF pursuant to M. R. Civ. P. 37(a)(5)(B) as the prevailing party on Daley's motion to compel previously requested discovery.
¶ 44 As a threshold matter, I am well aware from first-hand experience, and thus empathize with district courts regarding the all-too-common, frustrating difficulty faced in trying to effectively and efficiently manage discovery and the overall litigation schedule in contested FELA cases in Montana's overloaded judicial districts. These cases typically involve a common gargantuan defendant and the familiar few who practice on both sides of FELA litigation in Montana regarding discovery disputes that are frequently similar from case to case. I also further agree that Daley arguably could and should have more timely asserted a more specific and limited motion to compel within the framework of the governing litigation schedule.
¶ 45 However, the fact remains that BNSF had indeed not disclosed all discoverable information within the scope of Daley's prior, timely-propounded discovery requests. In advance of the hearing on Daley's motion to compel, BNSF produced additional discovery in response to the motion and predicate prior requests. The effect of BNSF's equally untimely production was to isolate for hearing, to the court's frustration, the overbroad balance of the disputed discovery requests. There is certainly nothing wrong with BNSF correcting a good-faith oversight or compromising a good faith dispute, if that is what happened here, with a last-minute supplemental production in advance of hearing on Daley's motion to compel.[2] By the same token, it cannot be fairly said that Daley's motion was gamesmanship, substantially ***328 unjustified, or unjustly burdensome or expensive to BNSF when the supplemental production itself so clearly evidences that BNSF did not timely produce the subject information as previously requested and, moreover, would not have done so but for the motion. As is common in discovery disputes in FELA litigation in Montana, both parties were partially right and both parties were partially wrong. With respect and empathy to the District Court, the parties should have each paid their own freight on a discovery dispute for which they were both partially at fault. I would hold that the District Court abused its discretion in awarding attorney fees to BNSF pursuant to M. R. Civ. P. 37(a)(5)(B) and would accordingly reverse that judgment of the District Court.
¶ 46 I concur in part and dissent in part.

While I concur in the Court's holdings under the applicable standard of review, I would be remiss if I did not nonetheless recognize that the District Court could have properly ruled to the contrary on various issues in the sound exercise of its discretion based on record presented in this case.

But see Dassori v. Roy Stanley Chevrolet Co. , 224 Mont. 178, 181, 728 P.2d 430, 432 (1986) (party cannot cure dilatory discovery responses by last-minute production at Rule 37 hearing).