JUSTICE WEBER
delivered the Opinion of the Court.
Plaintiffs appeal from the order of the District Court of the Twelfth Judicial District, Hill County, dismissing their complaint with prejudice for their repeated failure to plead in conformity with the Montana Rides of Civil Procedure. We affirm.
The sole issue for review is whether the District Court erred in dismissing the plaintiffs’ complaint with prejudice because of their failure to comply with the Montana Rides of Civil Procedure and failure to comply with an order of the court.
This case stems from prior litigation between Karl and Ruth Nystrom (the Nystroms) and respondent Duane Schnittgen (Schnittgen), in which Schnittgen was represented by respondent Robert C. Melcher (Melcher). This litigation was an action upon a contract covering real and personal property; it was initiated by Schnittgen and culminated in a trial before District Court Judge Peter L. Rapkoch. Judge Rapkoch denied relief on all claims and counterclaims. After the completion of and in response to that action, the Nystroms filed a complaint, subsequently amended, against Schnittgen, Melcher and the law firm of Morrison, Young, Melcher, Brown & Richardson.
The Nystroms’ amended complaint asserted claims for “malicious fraudulent prosecution,” “intentional abuse of process,” and “unlaw *153 ful intentional infliction of emotional distress.” The amended complaint contained 76 paragraphs in 26 pages of allegations. The District Court determined that “the form and substance of this pleading was vindictive, argumentative, and repetitive” and “not within the contemplation of the Montana Rules of Civil Procedure and was not a pleading to which the defendants should or could reasonably be expected to respond.” The respondents Melcher and the law firm of Morrison, Young, Melcher, Brown & Richardson filed a motion to strike the amended complaint or, in the alternative, for a more definite statement and were joined by Schnittgen in their motion. Judge Robert J. Boyd issued an order strikingthe Nystroms’ amended complaint and ordered them to make their complaint conform to Rules 8(a), 8(e)(1) and 12, M.R.Civ.P.
The Nystroms filed a second amended complaint, this time alleging “intentional malicious fraudulent prosecution,” “intentional abuse of process,” “unlawful intentional infliction of emotional distress,” and “interference with business relation” and also purported to state a claim for “conspiracy.” The second amended complaint contained 130 paragraphs of allegations plead in 13 counts over 43 pages. It essentially repleaded the claims alleged in the first complaint and included claims distinct from and not indicated by the first amended complaint. Judge Boyd also found that the second amended complaint remained “vindictive, argumentative, and repetitive in form and substance.”
In response to the second amended complaint, respondents filed a motion to dismiss the complaint pursuant to Rule 41(b), M.R.Civ.P., based on the Nystroms repeated failure to plead in conformity with the Montana Rules of Civil Procedure and for failing to obey the District Court’s order directing them to “strictly observe” Rules 8 and 12, M.R.Civ.P., in any subsequent amended complaint. The District Court heard oral arguments on the motion and subsequently dismissed the Nystroms’ second amended complaint with prejudice. Although the court concluded that the plaintiffs’ “abusive pleading tactics” had needlessly protracted litigation and added to its cost, it declined to grant the respondents’ request for sanctions under Rule 11, M.R.Civ.P. Specifically, the District Court concluded:
7. The second amended complaint is parallel to, or more egregious than, the violation of the rules committed by plaintiffs in their first amended complaint. The second amended complaint is in direct violation of the Court’s order of January 3,1992, as well as the Montana Rules of Civil Procedure. The second amended *154 complaint does not strictly observe the requirements of Rules 8 and 12, Mont. R. Civ. R, and, as such, dismissal with prejudice is warranted under Rule 41(b), Mont. R. Civ. P.
8. Plaintiffs’ motion for leave to amend the second amended complaint is without merit. Plaintiffs’ seek to amend their second amended complaint in order to more particularly plead fraud allegations. Fraud and fraud-related allegations were pleaded without particularity in the first amended complaint, and plaintiffs demonstrated no effort to plead these allegations with greater brevity, clarity, or particularity in the second amended complaint, despite the admonition of the Court. A farther request to replead is not warranted under the circumstances herein. In addition, the plaintiffs seek leave to amend the second amended complaint to more clearly plead their conspiracy count. The conspiracy count was not pleaded in the first amended complaint. Given the prior admonition of the court, and in light of the specious manner in which this count was pleaded in the second amended complaint, the Court concludes that leave to amend is not warranted.
In the first action, Judge Rapkoch concluded that Schnittgen had alleged an oral contract which was “for all intents and purposes a subterfuge.” In this action, the Nystroms’ complaint attempted to state a cause of action against defendants for deliberately fabricating a fraudulent suit to deceptively obtain property belonging to the Nystroms. The Nystroms argue that there were other alternatives available to the District Court in lieu of the drastic and unprecedented measure of dismissal with prejudice.
Did the District Court err in dismissing the plaintiffs’ complaint with prejudice because of their failure to comply with the Montana Rules of Civil Procedure and failure to comply with an order of the court?
The District Court dismissed the second amended complaint with prejudice under Rule 41(b), M.R.Civ.P, because it did not strictly observe the requirements of Rules 8 and 12, M.R.Civ.P. Rule 41(b), M.R.Civ.P, provides in pertinent part:
Rule 41(b). Involuntary dismissal — effect thereof. For failure of the plaintiff to ... comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision ... operates as an adjudication upon the merits.
*155 Rule 41(b), M.R.Civ.R, has no application to a motion to dismiss for failure to state a claim under Rule 12(b), M.R.Civ.R; we therefore do not need to address the sufficiency of the claim in stating a cause of action.
At the time Judge Boyd ordered the first amended complaint stricken, he allowed the Nystroms 30 days in which to file a second amended complaint “strictly observing the requirements of Ride 8(a) and 8(e)(1), as well as the mandates of Rule 12, M.R.Civ.P.” These rules provide in pertinent part:
Rule 8(a). Claims for relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim or third-party claim, shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief
Rule 8(e). Pleading to be concise and direct — consistency. (1) Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motion are required....
Rule 12(e). Motion for more definite statement. If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. ... If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.
Rule 12 (f). Motion to strike. ... upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court’s own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.
Rule 12(e), M.R.Civ.P., clearly allowed the District Court to strike the first amended complaint in this action and also to order that the second amended complaint be dismissed with prejudice as contemplated under Rule 41(b), M.R.Civ.R
Dismissal under Rule 41(b), M.R.Civ.P., however, is a harsh remedy. This Court has previously stated that because the result is severe, district courts should refrain from thus dismissing an action “unless there is no other adequate remedy available” and “the facts sufficiently call for such a result.” Chisholm v. First Nat’l Bank of *156 Glasgow (1988), 235 Mont. 219, 220, 766 P.2d 868, 869. In Chisholm, 766 P.2d at 872, we quoted Von Poppenheim v. Portland Boxing and Wrestling Comm’n (9th Cir. 1971), 442 F.2d 1047, 1049, cert. denied 404 U.S. 1039, 92 S.Ct. 715, 30 L.Ed.2d 731, reh’g denied 405 U.S. 999, 92 S.Ct. 1246, 31 L.Ed.2d 469:
Because a dismissal under Rule 41(b) is such a harsh remedy, and because such dismissals are frequently occasioned by inattention of counsel rather than by plaintiff’s own wrongdoing, courts are rightfully reluctant to employ 41(b) sanctions for failure to comply with an order of the court ... It is equally clear, however, that aggravated circumstances may make dismissal under 41(b) appropriate ... In those cases the district judge will be reversed only if he has abused his discretion in dismissing the action.
Montana Rule 41(b), M.R.Civ.P., parallels the federal rule and also places a decision to involuntarily dismiss a pleading within the sound discretion of the district court.
We emphasize again that a Rule 41(b) dismissal of a complaint is not determined by whether or not the complaint can withstand a Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief can be granted.
Under the identical federal rule, the Ninth Circuit Court of Appeals has held that the court is not required to exhaust all possible sanctions prior to dismissing a case with prejudice. Nevijel v. North Coast Life Ins. Co. (9th Cir. 1981), 651 F.2d 671, 674. In Nevijel, the original complaint was “verbose, confusing and almost entirely conclusory’ and consisted of 48 pages with 23 pages of addenda and exhibits. The plaintiffs were ordered to file an amended complaint. The amended complaint was 23 pages long with 24 pages of addenda, named additional defendants without leave of the court and was equally as verbose, conclusory and confusing as the first version of the complaint. The plaintiffs contended on appeal that they should be granted leave to amend the complaint. The Ninth Circuit affirmed the lower court’s dismissal with prejudice, holding that the district court did not abuse its discretion, although there were numerous other sanctions available. Nevijel, 651 R2d at 674.
The Eighth Circuit similarly affirmed a district court’s dismissal with prejudice, concluding that the plaintiff’s deliberate persistence in refusing to conform his pleadings to the requirements of Rule 8 justified dismissal with prejudice. Michaelis v. Nebraska State Bar Ass’n (8th Cir. 1983), 717 F.2d 437, 439.
*157 Our standard of review in discretionary trial court rulings is whether the court abused its discretion. Steer Inc. v. Department of Revenue (1990), 245 Mont. 470, 475, 803 P.2d 601, 604. We encourage the cautious exercise of that discretion in involuntary dismissal actions, but will reverse the district court only if the court has abused its discretion in dismissing the action. Chisholm, 766 P.2d at 872. Chisholm further held that the district court has discretion to dismiss the entire action and is not bound to dismiss only those claims which are related to the court order with which plaintiff failed to comply. Chisholm, 766 P.2d at 872. As stated above in the quote from Von Poppenheim, frequently a failure to comply with an order of the court for failure to plead according to the rules is attributable to the attorney rather than the party. However, “it is entirely clear that the party cannot avoid the consequences of the acts or omissions of his freely chosen attorney.” 9 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2369 (1971).
In this case, the District Court ordered the Nystroms to comply with Rule 8(a) and (e), M.R.Civ.P., in any repleading of their complaint. These rules require a short and plain statement that is simple, direct and concise. The Nystroms responded with an amended complaint which was even more confusing, vague and redundant than the first amended complaint and nearly twice as long.
This Court has stated that an important factor to consider in reviewing a dismissal of a complaint under Rule 41(b), M.R.Civ.P., is whether the offending party had a prior warning that such conduct could result in dismissal. Doug Johns Real Estate, Inc. v. Banta (1990), 246 Mont. 295, 299, 805 P.2d 1301, 1304. See also Becky v. Norwest Bank Dillon, N.A. (1990), 245 Mont. 1, 798 P.2d 1011. In dismissing a complaint for failure to prosecute, this Court stated in Cox v. Myllymaki (1988), 231 Mont. 320, 322-23, 752 P.2d 1093, 1095, that another important factor in such an action was the availability of alternative sanctions.
The Nystroms were given prior warning and allowed to replead their complaint, provided they comply with the Montana Rules of Civil Procedure. They now contend that they should be allowed to further amend their complaint and that dismissal with prejudice was inappropriate. In dismissing the second amended complaint in this case, the District Court stated:
5. Plaintiffs’ second amended complaint is needlessly long, confusing, redundant, scandalous, onerous, and harassing. Plaintiffs’ second amended complaint does not comply with the letter nor *158 spirit of Rule 8 and 12, Mont.R.Civ.R, despite the Court’s admonition to strictly observe the requirements therein. Plaintiffs’ second amended complaint is not a simplification of the first amended complaint. The verbose, derogatory, and imprecise nature of the pleading, as well as the intermingling of claims and parties therein, does not permit the defendants to respond responsively, nor should the defendants be expected to frame a responsive pleading. The second amended complaint is an abuse of the rules of civil procedure and this Corut’s order. The plaintiffs’ persistent refusal to conform their pleading to the Montana Rules of Civil Procedure and the order of this Court warrants dismissal of the second amended complaint, with prejudice.
An example of the Nystroms’ pleading in the first amended complaint is as follows:
16. Defendant “Melcher” had the ulterior purpose of concealing that he had been an active participant in Schnittgen’s deliberately false and fraudulent ulterior scheme and Corut allegations. Melcher knew and was convinced that his client’s claim was sham, unmeritorious and unfounded. Melcher knew that no probable cause for the trial of Schnittgen’s false and fraudulent claims existed. “Melcher” not only believed his client’s claims were not meritorious, prior to and during the trial concerning Hill County Cause No. DV-88-248, but Melcher knew that the only way that Schnittgen’s claims could have succeeded was if Schnittgen and Melcher were successful in intentionally deceiving the Corut by presenting manufactured false testimony.
This is essentially the same as, although shorter than the following paragraph taken from the second amended complaint:
109. Defendant Melcher had the ulterior purpose of concealing that he had been an active knowing participant in Schnittgen’s deliberate, false and fraudulent ulterior scheme and falsified Corut allegations. Melcher knew and was convinced that his client’s claim was sham, unmeritorious and unfounded and that there was no substantial purpose in presenting or alluding to Schnittgen’s false “value” claim in the District Corut. Melcher did not believe his client’s claims to be meritorious, under any honest presentation of facts. Melcher knew that the only way that Schnittgen’s claims could have possibly succeeded was if Schnittgen and Melcher were successful in intentionally deceiving the Department of State Lands, as well as the Hill County District Court through the presentation of manufactured false testimony *159 and or testimony having no actual bearing on the relevant 1987 “value” of the property that was the subject of Hill County Cause No. DV-88-248.
This is representative of the second amended complaint when compared to the first amended complaint. In general, the paragraphs of the second amended complaint are organized in a different manner and are more verbose than in the first amended complaint. Not only are statements redundant within the same paragraph, they are reiterated throughout the complaint.
Further, the second amended complaint contains the same vituperative tone throughout as did the first amended complaint. Respondents contend that the allegations in the second amended complaint are needlessly long, repetitive, confusing and vitriolic. Respondents further contend that they failed to comply with the order of the court. We agree.
This Court has previously stated that a party displaying an attitude of unresponsiveness to judicial process warrants imposition of sanctions, including dismissal. Landauer v. Kehrwald (1987), 225 Mont. 322, 325, 732 P.2d 839, 841. In Landauer, we restated our policy of following the recent trend of cases intent upon punishing transgressors of Rule 37, M.R.Civ.P., discovery abuses rather than patiently trying to encourage their cooperation. Landauer, 732 P.2d at 840-41. This Court has held further that where plaintiff’s complaint was essentially the same as an earlier complaint dismissed by another judge, differing from the earlier complaint only in its sweeping alternative conclusions of law, the complaint was properly dismissed. Sovey v. Chouteau County Dist. Hosp. (1977), 173 Mont. 392, 395, 567 P.2d 941, 943. Further, the district court is in the best position to know which parties callously disregard the rights of their opponents and other litigants and to determine which sanction is most appropriate. Dassori v. Roy Stanley Chevrolet Co. (1986), 224 Mont. 178, 180, 728 P.2d 430, 431. The district court judge is also in the best position to assess whether a party has made a good faith effort to comply with a court order and whether a lesser sanction would be appropriate.
In this case, the plaintiffs were warned. After the first amended complaint was stricken, Judge Boyd ordered the Nystroms to comply with procedural rules. They were given 30 days in which to replead and ordered to comply with specified rules of procedure. Despite the court’s order to strictly comply with Rules 8 and 12, M.R.Civ.P, the Nystroms’ second amended complaint is even more egregious than, albeit strikingly similar to, the complaint previously stricken. There *160 is no indication that the plaintiffs made a good faith effort to comply with the court’s order to tailor their complaint to Rules 8 and 12, M.R.Civ.P. The District Court reasonably could have concluded that there was no other adequate remedy available and the facts of this case sufficiently called for involuntary dismissal, according to the standard set forth in Chisholm.
In Von Poppenheim, 442 F.2d at 1054, the court stated:
The exercise of [the court’s] discretion to dismiss requires only that possible and meaningful alternatives be reasonably explored, bearing in mind the drastic foreclosure of rights that dismissal effects. Here the district judge made such reasonable opportunities and alternatives available to plaintiff that the dismissal was not an abuse of discretion. Somewhere along the line, the rights of the defendants to be free from costly and harassing litigation must be considered. So too must the time and energies of our courts and the rights of would-be litigants awaiting their turns to have other matters resolved. The exact point on that line is incapable of exact definition, but we are satisfied that the present case went beyond it.
In this case, we are convinced that Judge Boyd granted the plaintiffs a reasonable opportunity to amend their complaint after the first amended complaint was stricken. They failed to comply with his order and the pleading requirements of Rule 8, M.R.Civ.P., despite Judge Boyd’s order.
The Nystroms did not strictly observe Rules 8 and 12; they re-pleaded in the same repetitive and vituperative fashion. We conclude that the Nystroms were adequately warned that their first amended complaint was inadequate, they were informed of its faults and they were given sufficient time to correct them. We further conclude the Nystroms did not comply with the court’s order and did not conform their second amended complaint to Rules 8 and 12, M.R.Civ.P.
We hold the District Court did not abuse its discretion in dismissing the Nystroms’ complaint with prejudice based on their failure to comply with the Montana Rules of Civil Procedure and failure to comply with an order of the court.
AFFIRMED.
CHIEF JUSTICE TURNAGE, JUSTICES HARRISON and HUNT concur.