IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 96-186

IN RE THE MARRIAGE OF

CHRISTENE L. DAVIS,

    Petitioner and Respondent,

    v.

STANLEY G. DAVIS,

    Respondent and Appellant.

)
)  OPINION
)  AND
)  ORDER
)
)
)
)  JUL 30 1996
)
)

FILED

JUL 30 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

    This matter is currently before this Court on an appeal filed by Stanley G. Davis (Davis). Davis has appealed from an order issued by the Nineteenth Judicial District Court, Lincoln County, dismissing his petition for judicial review. The Child Support Enforcement Division of the Montana Department of Public Health and Human Services (CSED), acting on behalf of Christene L. Davis (Christene), has filed a motion to dismiss the appeal on the grounds that it is fruitless, weightless, needless and senseless.

    The current dispute originates from an April 18, 1984, decree, judgment and order entered by the District Court ordering Davis to pay $175 per month in child support for his two minor children. Davis did not perfect an appeal from the final judgment and order, nor has it been amended, modified or set aside. Christene subsequently applied for and received Aid to Families with Dependent Children for the minor children.

    On June 26, 1995, CSED filed a notice of intent to withhold income pursuant to § 40-5-413, MCA, alleging that Davis was delinquent on his child support obligation in the amount of $44,975. Davis requested an administrative hearing and on August 15, 1995, a hearing was conducted. Following the hearing the Administrative Law Judge issued a decision and order determining that Davis was delinquent on his child support obligation in the amount of $44,975.

On August 29, 1995, Davis filed a document with the District Court which appeared to be an appeal from the Administrative Law Judge's decision and order. Davis did not serve CSED with the document. On the same day the District Court issued an order stating that "[t]he action from which Respondent appeals is unclear, and the document filed by Respondent is deficient in many respects." Nevertheless, the court allowed the document to be filed but cautioned that no further action would be taken until Davis properly perfected the appeal.

On October 11, 1995, Davis filed a "Petition for Judicial Review" with the District Court. The document named the State of Montana and CSED as Respondents and once again CSED was not properly served with the petition. Davis requested that the District Court invalidate his divorce decree and support order because of fraud. The petition also made claims against persons who were not involved with CSED's administrative action and requested money damages from the State.

The District Court dismissed the petition with prejudice stating that justice would not be served by requiring CSED to respond to a pleading that is "fatally flawed on its face." The court stated that the relief Davis sought was outside the court's power to grant and noted that the Rules of Civil Procedure do not permit Davis to convert an appeal from an administrative decision into a lawsuit against the agency which made the decision. Davis appealed to this Court from the District Court's order dismissing his petition. CSED then filed its motion to dismiss the appeal which is presently before this Court. Davis has requested that this Court consider CSED's brief in support of its motion to dismiss as its brief in response to his appeal. We therefore choose to review the appeal on its merits rather than under a motion to dismiss standard.

The Montana Administrative Procedure Act allows for judicial review of agency decisions. Section 2-4-702, MCA, provides that a petition for judicial review must be timely filed and must include a concise statement of the facts and a statement of the manner in

2

which the petitioner is aggrieved. The petitioner must state the grounds as specified in § 2-4-704(2), MCA, upon which he or she contends relief is entitled. Section 2-4-702(1)(b), MCA, states that the petition may not raise any other question not raised before the agency unless good cause is shown and § 2-4-702(2)(a), MCA, requires the petition to be promptly served upon the agency and all parties of record. Section 2-4-704, MCA, states that judicial review shall be confined to the record and that the court may not substitute its judgment for that of the agency on evidentiary matters.

In dismissing Davis' petition, the District Court determined that it had not been properly perfected and that Davis' request for relief went beyond the scope of the court's judicial review power. When a district court dismisses a cause of action we must determine whether the court abused its discretion. Nystrom v. Melcher (1993), 262 Mont. 151, 157, 864 P.2d 754, 758. The test of abuse of discretion is whether the court acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice. Gaustad v. City of Columbus (1995), 272 Mont. 486, 488, 901 P.2d 565, 567.

In the present case, Davis had the opportunity to appeal his original divorce decree and/or modify the support provisions in the order. He chose to pursue neither of those remedies and instead became delinquent on his child support obligation. CSED initiated administrative action to collect the past-due debt and, following an evidentiary hearing, the Administrative Law Judge entered its decision and order. Davis' petition for judicial review of that order does not comply with the requirements of Montana's Administrative Procedure Act set forth above and seeks relief beyond that which the District Court or this Court has the power to grant.

We therefore determine that the District Court did not act arbitrarily without employing conscientious judgment, nor did it exceed the bounds of reason resulting in substantial injustice when it dismissed Davis' petition. We conclude that the District Court

3

did not abuse its discretion in dismissing Davis' petition. Therefore,

IT IS ORDERED that CSED's motion to dismiss Davis' appeal is DENIED. The District Court's October 11, 1995 "Order of Dismissal" is hereby affirmed.

The Clerk is directed to mail a true copy of this Opinion and Order to Stanley G. Davis, to counsel of record for CSED and to the Honorable Michael C. Prezeau, District Judge.

DATED this 30th day of July, 1996.

_____
Acting Chief Justice

_____

_____

_____
Justices

4

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Stanley G. Davis
3264 Iron Creek Rd.
Troy, MT 59935


John M. McRae, Dept. of Public Health & Human Services
Child Support Enforcement Div.
1610 So. 3rd West, Ste. 201
Missoula, MT 59801

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy