No. 96-625

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

STANLEY G. DAVIS,

      Plaintiff and Appellant,

  v.

STATE OF MONTANA, DEPARTMENT OF PUBLIC
HEALTH AND HUMAN SERVICES, CHILD SUPPORT
ENFORCEMENT DIVISION; COUNTY OF LINCOLN,
SHERIFF'S OFFICE, DETECTIVE DON BERNALL,
COUNTY ATTORNEY, MONTANA LEGAL SERVICES
ASSOCIATION OF HELENA; LAWRENCE SVERDRUP,
SCOTT SPENCER, ROBERT KELLER,

      Defendants and Respondents,



FILED

MAY -8 1997

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

CHRISTINE LeCOUNT,

      Defendant and Respondent.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
                In and for the County of Lincoln,
                The Honorable Michael C. Prezeau, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

            Stanley G. Davis, Pro Se, Troy, Montana

      For Respondent:

            Christine LeCount, Pro Se, Eureka, Montana

Submitted on Briefs: April 24, 1997

Decided: May 8, 1997

Filed:

# MEMORANDUM

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

The procedural background of this case is set out in detail in this Court's "Opinion and Order" of July 30, 1996, In re Marriage of Davis (1996), 277 Mont. 188, 921 P.2d 275, in which we affirmed the District Court's Order of Dismissal of Davis' petition for review and claim for money damages.

In August 1996, Davis filed a new "Petition for Damages and to Set Aside Judgment and Support Order in DR-83-0141" in which he seeks over one billion dollars in monetary damages; invalidation of the original decree in the dissolution proceeding; custody in his name and *inter alia*, that certain named attorneys be disbarred. On September 17, 1996, the District Court entered an "Order of Dismissal" which states as follows:

> Petitioner has filed a document entitled, "Petition for Damages and to Set Aside Judgment and Support Order in DR-83-0141." The Petition is a rambling diatribe, the point of which is apparently a request to set aside a 1984 support order and a demand for over a billion dollars in damages from various individuals and agencies.

> Aside from the fact that the time for seeking relief under Rule 60(b), M.R.Civ.P. has expired by more than 12 years, the Petition is barred by the doctrine of *res judicata*, as this same action was previously ruled upon by this Court, and subsequently by the Montana Supreme Court in earlier decisions. Although a few new parties have now been added as defendants, the essence of this Petition is clearly the same as the earlier case.

2

It would be unjust to require the named defendants to retain counsel and contest a lawsuit which [is] so obviously untenable.

Accordingly,

IT IS HEREBY ORDERED:
1.     The Petition is dismissed with prejudice.
2.     The Clerk is directed to return the pleading to Petitioner without filing same.

DATED September 16, 1996.

/S/ Michael C. Prezeau
District Judge

We agree with the analysis of the District Court. The issues raised by Davis are *res judicata* in light of the prior order of this Court. It would not only be unjust to require the named defendants to incur costs responding to this nonsensical petition, it would, as well, be a complete waste of judicial resources. This Court, like the District Court, is extremely busy resolving bona fide legal disputes. Neither Court has the time or the resources to be attending to repeated filing of bogus claims such as this. Any further appeals of this nature will result in imposition of damages under Rule 32 , M.R.App.P.

Affirmed.

_____
Chief Justice

_____

_____

_____

_____
Justices

3