Kraft v. Board of Med. Examiners
Decided Feb. 18, 1998
(NOT TO BE CITED AS AUTHORITY)

No. 97-273

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 31N

JEFFREY G. KRAFT, D.O.,

Plaintiff and Appellant,

v.

BOARD OF MEDICAL EXAMINERS, et al.,

Respondents and Respondents.

APPEAL FROM: District Court of the Third Judicial District,

In and for the County of Deer Lodge,

The Honorable Ted L. Mizner, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Robert C. Kelleher, Sr.; Kelleher Law Office,

Butte, Montana

For Respondents:

James P. Harrington, Attorney at Law, Butte,

Montana

Submitted on Briefs: December 11, 1997

Decided:     February 18, 1998

MEMORANDUM

¶1   Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2   The Board of Medical Examiners (Board) revoked the license of Dr. Jeffrey G. Kraft (Kraft) to practice medicine.  Briefly stated, the Board's order was based on a history of alcohol and chemical dependency by Kraft and his subsequent agreements to abstain from alcohol and mood-altering drugs.  During a move to the state of Kansas, Kraft relapsed, lost his license to practice and faced felony criminal drug charges.  His probation in the criminal case also required that he abstain from alcohol and drugs.  Finally, in August of 1994, Kraft entered into a stipulation and agreed order of probation with the Board wherein he admitted he was chemically dependent and addicted and agreed to scrupulously comply with his earlier agreements and the conditions of his federal probation.  He also agreed that any violation "would be grounds for termination of probation and . . . summary suspension of his medical license, or additional disciplinary proceedings."  Subsequently, Kraft was determined to have violated the 1994 agreement.  In November of 1995, a screening panel of the Board advised Kraft that he could have "one more chance."  Kraft entered into yet another agreement and also a stipulation which revoked his license, but stayed the revocation so long as Kraft did not violate the agreed terms and conditions regarding abstention from alcohol and drug use.  This stipulation, much like the earlier agreement, stated that any violation  by Kraft would be grounds for permanent revocation of

his medical license. During a subsequent hearing, evidence was presented that Kraft had consumed alcohol and diverted prescription drugs to himself from a woman friend. The Board revoked his license.

¶3 Kraft filed a pleading attempting to "appeal" the Board's order revoking his license and to obtain injunctive and monetary relief against the Board and others in the Third Judicial District Court, Deer Lodge County. The Board moved to dismiss and the District Court granted the motion. The court dismissed Kraft's complaint seeking review of the Board's order for failure to comply with mandatory pleading requirements for judicial review and dismissed Kraft's claims for injunctive relief and monetary damages for failure to state a claim on which relief could be granted. Kraft appeals and we affirm.

¶4 A petition for judicial review of an agency decision must be filed in the district court where the petitioner resides, where the petitioner's principal place of business is located or where the agency's principal office is maintained. Section 2-4-702(2)(a), MCA. Such a petition also must include the following pleading requirements set forth in Sec. 2-4-702(2)(b), MCA: "a concise statement of the facts upon which jurisdiction and venue are based, a statement of the manner in which the petitioner is aggrieved, and the ground or grounds specified in 2-4-704(2) upon which the petitioner contends he is entitled to relief." In addition, the petition generally may not raise any question not raised before the agency. Section 2-4-702(1)(b), MCA; Davis v. Davis (1996), 277 Mont. 188, 190, 921 P.2d 275, 276.

¶5 Here, Kraft's initial pleading was a 12-page document captioned "Appeal from Order of Board of Medical Examiners, Dept. of Commerce and Petition for (1) Temporary Restraining Order [Writ of Mandate] and Order to Show Cause Why TRO Should Not be Made Permanent; (2) Restraining Order [Writ of Prohibition] Directing Respondent Board to Cease and Desist Censuring Petitioner's License; and (3) 42 USC 1983 Relief." The first

four pages of the pleading relate to Kraft's "appeal" from the Board's order revoking his license, while the remaining pages set forth four causes of action against the Board and its members. We observe, at the outset, that the pleading is, in an overall sense, primarily a complaint for various types of relief against the Board and its members rather than a petition for judicial review.

¶6    Moreover, having reviewed the pleading, it is clear that nowhere in the portion of the pleading relating to the "appeal" from the Board's order--that is, the portion of the pleading seeking judicial review--does Kraft set forth a concise statement of the facts on which venue is based as required by Sec. 2-4-702(2)(b), MCA.  Given that Kraft's pleading was filed in Deer Lodge County and that the Board's principal office is maintained elsewhere, the required  statement of facts regarding venue would need to allege either that Kraft resides in Deer Lodge County or that his principal place of business was Deer Lodge County.  No such allegation appears in the judicial review portion of the pleading.

¶7    Kraft argues that paragraph 5 states that his principal place of business was the Anaconda-Deer Lodge County hospital and that this suffices as a statement of the facts on which venue was based.  Paragraph 5, however, states as follows: "[T]he Board interfered with and violated the constitutional [sic] protected right to contract Petitioner had with HOSPITAL to furnish Emergency Medical care to Anaconda-Deer Lodge County patients using HOSPITAL's facilities[.]"  This general allegation relates to a claimed violation of Kraft's right to contract.  It does not state that Deer Lodge County--or the hospital in Anaconda-Deer Lodge County--is Kraft's principal place of business and, thus, it does not constitute a factual statement establishing venue as required in a petition for judicial review.

¶8    Kraft's pleading seeking judicial review also does not state the "ground or grounds specified in 2-4-704(2) upon which [he]

contends he is entitled to relief," as required in Sec. 2-4-702(2)(b), MCA. Section 2-4-704(2), MCA, contains a careful enumeration of the bases on which a district court may reverse or modify an agency's decision if substantial rights of the person seeking judicial review were prejudiced, and one or more of those specified bases must be raised with regard to the findings or conclusions made by the agency. Sections 2-4-704(2) and 2-4-702(2)(b), MCA; Davis, 921 P.2d at 276. Having reviewed the pleading, we determine that this requirement was not met. No specific subsection of Sec. 2-4-704(2), MCA, is referenced at any point in the judicial review portion of the pleading. Indeed, the only reference to the statute comes at the end of the portion of the pleading seeking judicial review, in a listing of "APPLICABLE STATUTES." Even there, the reference is merely to "Sec.2-4-704," without specific enumeration or relation to any argument which precedes the reference. Moreover, while Kraft made general assertions of constitutional violations in that portion of his pleading, they were not tied to specific portions of the Board's order and, indeed, appear to have been raised for the first time in the purported petition for judicial review in derogation of Sec. 2-4-702(1)(b), MCA, which generally prohibits a party seeking judicial review from raising questions not raised before the agency. For these reasons, we conclude that Kraft has not established any abuse of discretion in the District Court's dismissal of his petition for judicial review.

¶9 Kraft also challenges the District Court's dismissal of the four causes of action set forth in his pleading, in addition to the request for judicial review of the Board's order, for failure to state a claim. The causes of action sought injunctive relief, alleged tortious interference with Kraft's contractual rights, alleged a claim for money damages under Sec. 1983 and sought punitive damages based on alleged malicious conduct of the defendants toward Kraft during the proceedings which resulted in the revocation of his license to practice medicine. There are several problems with the inclusion of these causes of action in this case.

¶10  First, Kraft cites to no authority under which independent causes of action against an agency relating to its decision made--and judicially reviewable--under the Montana Administrative Procedure Act properly can be included in a petition for judicial review of the decision.  As the statutes governing judicial review indicate,  judicial review proceedings are intended to be straightforward and limited reviews--generally on the record only--of a final decision by an agency.  See Secs. 2-4-702 though 2-4-704, MCA.  They are not intended to relitigate issues resolved by the agency or to add new and previously unresolved claims.

¶11  Moreover, Kraft advances no legal authority under which these particular causes of action could be brought against the Board and its members at all as a result of the decision revoking his license.  Injunctive relief is inappropriate in such a context where a stay of the agency's decision can be sought within the parameters of the judicial review proceeding.  See Sec. 2-4-702(3), MCA.  Nor do Kraft's causes of action state the breach of any duty owed him by the Board on which liability could be premised in tort or otherwise.

¶12  Kraft's sole argument in this regard is that each cause of action contained allegations that he had received a license to practice medicine from the Board in 1995 and that  he served as Director of Emergency Medicine at the hospital in Anaconda, Montana, "with distinction and the utmost competency" until August of 1996.  According to Kraft, these allegations establish the duty owed by the Board on which all of his causes of action rest.  We disagree.  Nothing in the referenced allegations states a legal duty the breach of which could form the foundation for liability by the Board or its members.  Thus, we conclude that Kraft has not established any abuse of discretion by the District Court in dismissing his four causes of action for failure to state a claim on which relief could be granted.

¶13  Affirmed.

CHIEF JUSTICE TURNAGE, JUSTICES GRAY, NELSON, REGNIER and HUNT concur.