No. 97-580

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 60N

SPARTAN MANUFACTURING CO.,
401(K) PLAN and JAMES L. JOHNSTON,
d/b/a/ THE JAMES GROUP,

Plaintiffs and Counter defendants and
Respondents,

v.

GEORGE F. MELTON, individually and
d/b/a/ CONTINENTAL CONSTRUCTION &
DEVELOPMENT COMPANY,

Defendants and Counter claimants and
Appellants.

APPEAL FROM:    District Court of the Fifth Judicial District,
In and for the County of Jefferson,
The Honorable Frank M. Davis, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Eric Rasmusson, Boulder, Montana

For Respondent:

Thomas Q. Johnson, Keller, Reynolds, Drake, Johnson &
Gillespie, Helena,            Montana

Submitted on Briefs: January 22, 1998

Decided:   March 18, 1998
Filed:

_____
Clerk

Justice William E. Hunt, Sr., delivered the Opinion of the Court.

¶1     Pursuant  to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2    This is an appeal by George F. Melton (Melton) from the September 16, 1997 order of the Fifth Judicial District Court, Jefferson County, ordering Melton to comply with a stipulated settlement and the court's order of June 5, 1997, and denying his motion for relief from that order.  We affirm.

¶3    This case commenced in January 1995, when Spartan Manufacturing Company, 401(K) Plan and James L. Johnston (Plaintiffs) filed suit seeking to partition certain real estate that had been owned by the parties pursuant to an agreement to develop, subdivide, and sell residential lots in Jefferson County. On May 29, 1997, the parties resolved their dispute pursuant to a stipulation, and on June 5, 1997, the District Court entered an order incorporating the terms of the settlement and dismissing all claims raised by the parties with prejudice.  As part of the stipulation, each party was awarded certain property and Plaintiffs were required to pay $10,000 to Melton.  The parties were further ordered to execute all necessary instruments to facilitate the terms of the stipulation and to share the costs of any necessary surveys.

¶4    On July 2, 1997, Plaintiffs placed $10,000 in their counsel's trust account pending completion of the necessary survey work and execution of the certificate of survey and deeds.  Plaintiffs' counsel immediately informed Melton's counsel that he was in receipt of those funds.  Subsequently, on July 22, 1997, once the survey work was complete, Plaintiffs executed the deeds and certificate of survey and notified Melton.  However, Melton refused to sign those documents.  Plaintiffs thus refused to tender the $10,000.

¶5    On July 3, 1997, Melton filed a motion pursuant to Rule 60(b), M.R.Civ.P., requesting the court to relieve him from the June 5, 1997 order, because Plaintiffs had not "immediately" paid Melton $10,000.  Alternatively, he requested that the court hold Plaintiffs in contempt for violating that order.
Plaintiffs filed a cross-motion requesting the court to enforce the stipulation and court order and to hold Melton in contempt.

¶6    On September 16, 1997, the court entered a decision (1) ordering Melton to comply with the stipulated settlement and the court's June 5, 1997 order; (2) denying Melton's motion for relief pursuant to Rule 60(b), M.R.Civ.P., from the June 5, 1997 order; (3) ordering Melton to pay Plaintiffs

one-half of the survey costs which were to be deducted from the $10,000 Plaintiffs owed Melton; and (4) ordering the Plaintiffs to deposit with the Clerk of Court the $10,000 less the costs of the survey.    Melton appeals.

¶7    First, he contends that the District Court abused its discretion when it denied his Rule 60(b), M.R.Civ.P., motion.  He argues that pursuant to the court's June 5, 1997 order Plaintiffs were required to "immediately" pay him $10,000, which they failed to do.  He thus reasons that he was entitled to relief from that order pursuant to Rule 60(b)(5) and (6), M.R.Civ.P., because it would not be equitable to enforce a judgment against him which Plaintiffs breached.

¶8    We will not overturn the District Court's decision to deny a Rule 60(b), M.R.Civ.P., motion absent an abuse of discretion.  Empire Lath & Plaster v. American Cas. (1993),  256 Mont. 413, 416, 847 P.2d 276, 278.    "The test of abuse of discretion is whether the court acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice."  Davis v. Davis (1996), 277 Mont. 188, 190, 921 P.2d 275, 277 (citation omitted).  In this case, the District Court did not act arbitrarily or without reason.  It appears that when the District Court entered its order, Melton himself had not abided by the terms of the stipulation and order, while the Plaintiffs were ready and willing to pay the $10,000 once Melton executed the agreement.  Ordering Melton to comply with the order and directing Plaintiffs to deposit the money with the Clerk of Court  (less sums for Melton's share of the survey costs), rather than granting Melton's motion was a proper exercise of discretion.  We hold that the District Court did not abuse its discretion in denying Melton's motion to relieve him from the June 5, 1997 order pursuant to Rule 60(b), M.R.Civ.P.

¶9    Melton next contends that the District Court abused its discretion in denying his motion to punish Plaintiffs for contempt pursuant to  25-8-102, MCA, which provides that the court may punish a party who violates the court's direction to deliver money to another person.  We again hold that the District Court did not abuse its discretion in denying that motion, for the same reasons that the court did not abuse its discretion in denying the Rule 60(b), M.R.Civ.P., motion.

¶10  Finally, Melton maintains that the District Court's failure to conduct a hearing on his motion constitutes "plain error."  He contends that the failure to hold such a hearing has deprived him of his constitutional rights to due process.

¶11  Melton's argument is without merit.  In this case, there was no trial because the parties settled the case by stipulation, and the court entered an order based upon that stipulation.  He cites no authority for the proposition that he was constitutionally entitled to a hearing on subsequent motions requesting relief from that order or requesting the court to hold a party in contempt for failing to abide by that order.  The final decision of the court simply requires both parties to comply with the stipulation and order that both

parties knowingly, voluntarily, and with the benefit of counsel entered into. We hold that the District Court did not err in failing to conduct a hearing.

¶12  Affirmed.

/S/  WILLIAM E. HUNT, SR.

We Concur:

/S/  J. A.  TURNAGE
/S/  JIM REGNIER
/S/  KARLA M. GRAY
/S/  W. WILLIAM LEAPHART