FILED

July 28 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0490

DA 14-0490

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 211N

MICHAEL YEAGER,

      Plaintiff and Appellant,

   v.

DICK ANDERSON, DIANA ANDERSON,
DBA SUPERIOR AUTO BODY, AKA
SUPERIOR AUTO BODY & TOW, INC.,
and DOES 2 TO 5,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Eighth Judicial District,
                In and For the County of Cascade, Cause No. ADV 13-816
                Honorable Julie Macek, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Michael Yeager (self-represented); Great Falls, Montana

        For Appellees:

        Nicholas J. Pagnotta, Peter B. Ivins, Williams Law Firm, P.C.;
        Missoula, Montana

Submitted on Briefs:  July 8, 2015
Decided:  July 28, 2015

Filed:

                             Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Michael Yeager appeals the June 18, 2014 order of the Eighth Judicial District Court, Cascade County, which dismissed his complaint in an action against Dick Anderson, Diana Anderson, and Superior Auto Body & Tow, Inc. (collectively Superior). In the underlying action, Superior enforced an agister's lien against Yeager for storage fees after Yeager left his totaled 2003 Aston Martin Vanquish at Superior's shop for over four years without paying for repairs or storage. We upheld the lien enforcement action in *Superior Auto Body & Tow, Inc. v. Yeager*, 2015 MT 152N.

¶3 Yeager brought the present action against Superior on October 29, 2013—the morning of the hearing on the agister's lien. Yeager's complaint made numerous claims against Superior based on the events leading to and including the lien action. The claims included conversion, deceit, intentional infliction of emotional distress, and breach of the covenants of good faith and fair dealing. Yeager moved to consolidate the lien action with the present case. The District Court denied the motion.[1]

---

[1] Yeager argues that the District Court erred by not consolidating the two actions. We held that it was not an abuse of discretion for the District Court to deny his motion to consolidate in *Superior Auto Body & Tow, Inc. v. Yeager*, 2015 MT 152N, ¶ 16.

2

¶4      Yeager filed his first amended complaint on November 12, 2013. Yeager filed a second amended complaint on November 15, 2013, which the District Court dismissed because it was filed without leave of the court. Superior moved to strike Yeager's first amended complaint for not complying with M. R. Civ. P. 8, or alternatively, for a more definite statement. Yeager did not respond to Superior's motion to strike. The District Court granted Superior's motion to strike Yeager's first amended complaint for failure to follow M. R. Civ. P. 8, noting that the complaint was "needlessly long, repetitive, confusing and vitriolic," citing *Nystrom v. Melcher*, 262 Mont. 151, 159, 864 P.2d 754, 759 (1993). The District Court granted Yeager 30 days to file a new complaint that complied with M. R. Civ. P. 8.

¶5      Yeager filed his fourth complaint on April 3, 2014. Superior moved to strike and dismiss Yeager's fourth complaint, arguing that it suffered from the same defects as the first amended complaint. Yeager also filed a motion requesting oral argument. On June 18, 2014, the District Court denied Yeager's motion requesting oral argument, granted Superior's motion to strike, and dismissed the action with prejudice. The District Court noted that Yeager did not follow the order dismissing his first amended complaint, and Yeager "has not removed anything to demonstrate an effort to make his allegations 'short and simple'" as required by M. R. Civ. P. 8. Yeager appeals the dismissal of his fourth complaint.

¶6      Under the Montana Rules of Civil Procedure, pleadings need only be "a short and plain statement of the claim," M. R. Civ. P. 8(a)(1), and must be "simple, concise, and direct," M. R. Civ. P. 8(d)(1). The court may, on motion or sua sponte, "strike from a

3

pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." M. R. Civ. P. 12(f). A defendant may move to dismiss an action if a plaintiff fails to comply with the Rules of Civil Procedure, and such a dismissal by the court can operate as an adjudication on the merits. M. R. Civ. P. 41(b). This Court encourages the cautious exercise of discretion in involuntary dismissal actions, but we will reverse the district court only if the court has abused its discretion in dismissing the action. *Nystrom*, 262 Mont. at 157, 864 P.2d at 758.

¶7 A district court "is not required to exhaust all possible sanctions prior to dismissing a case with prejudice." *Nystrom*, 262 Mont. at 156, 864 P.2d at 758. Like the plaintiffs in *Nystrom*, Yeager was warned about the deficiencies of his initial pleading. *Nystrom*, 262 Mont. at 157, 864 P.2d at 758. Based on our review of the record, we agree with the District Court's ruling that Yeager did not comply with the order dismissing his first amended complaint. Yeager's fourth complaint was also "long, repetitive, confusing and vitriolic," *Nystrom*, 262 Mont. at 159, 864 P.2d at 759, and he made no effort to make his complaint "short and simple" to comply with M. R. Civ. P. 8. The District Court did not abuse its discretion when it dismissed Yeager's fourth complaint with prejudice.

¶8 Yeager raises various other issues in this appeal which are either inapplicable to the striking of his complaint under M. R. Civ. P. 41(b), not preserved for appeal, or were adjudicated in *Superior Auto Body & Tow, Inc. v. Yeager*, 2015 MT 152N.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion

4

of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's ruling was not an abuse of discretion. Affirmed.

/S/ JAMES JEREMIAH SHEA

We Concur:


/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT